**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| William Morgan and Rosina Turmel, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  09 C 7351 |
| | ) | |
| Mercantile Adjustment Bureau, LLC, a | ) | |
| New York limited liability company, and | ) | |
| LVNV Funding, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, William Morgan and Rosina Turmel, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) Plaintiff Morgan resides here; b) part of the acts and transactions occurred here; and, c) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, William Morgan ("Morgan"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally for a Credit One Bank credit card,

despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.    Plaintiff, Rosina Turmel ("Turmel"), is a citizen of the State of New Hampshire, from whom Defendants attempted to collect a delinquent consumer debt owed originally for a Sears credit card, despite the fact that she was represented by the legal aid attorneys at LASPD in Chicago, Illinois.

5.    Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Mercantile operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6.    Defendant Mercantile is licensed to conduct business in Illinois and maintains a registered agent here.  See, record from the Illinois Secretary of State attached as Exhibit A.

7.    Defendant Mercantile is licensed as a collection agency in Illinois.  See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

8.    Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, which act as debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant LVNV was acting as debt collector as to

2

the delinquent consumer debts which it had its agent, Defendant Mercantile, attempt to collect from Mr. Morgan and Ms. Turmel.

9.     Defendant LVNV is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect via other collection firms, like Defendant Mercantile.

10.     Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here.  See, record from the Illinois Secretary of State, attached as Exhibit C.

11.     Defendant LVNV is licensed to act as collection agencies in Illinois.  See, record from the Illinois Division of Professional Regulation, attached as Exhibit D.

## FACTUAL ALLEGATIONS

### Mr. William Morgan

12.     Mr. Morgan is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt owed originally for a Credit One Bank credit card.  At some point in time, after that debt became delinquent, it was sold to Defendant LVNV, which then hired Defendant Mercantile to collect it.  When Defendants began trying to collect the Credit One Bank debt from Mr. Morgan, by sending him an initial form collection letter, dated December 9, 2008, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.  A copy of this collection letter is attached as Exhibit E.

13.     On April 3, 2009, one of Mr. Morgan's attorneys at LASPD wrote a letter, dated April 3, 2009, to Defendants, informing Defendants that Mr. Morgan was

represented by counsel, and directing Defendants to cease contacting him, and to cease all further collection activities because Mr. Morgan was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Nonetheless, Defendants sent a collection letter, dated October 9, 2009, directly to Mr. Morgan, demanding payment of the Credit One Bank debt. A copy of this letter is attached as Exhibit G.

15. Accordingly, on November 10, 2009, Mr. Morgan's LASPD attorney had to send Defendants another letter to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

**Ms. Rosina Turmel**

16. Ms. Turmel is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt owed originally for a Sears credit card. At some point in time, after that debt became delinquent, it was sold to Defendant LVNV, which then hired Defendant Mercantile to collect it. When Defendants began trying to collect the Sears debt from Ms. Turmel, by sending her an initial form collection letter, dated July 17, 2009, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit I.

17. On September 2, 2009, one of Ms. Turmel's attorneys at LASPD wrote a letter, dated September 2, 2009, to Defendants, informing Defendants that Ms. Turmel was represented by counsel, and directing Defendants to cease contacting her, and to cease all further collection activities because Ms. Turmel was forced, by her financial

4

circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax

confirmation are attached as Exhibit J.

18.     Nonetheless, Defendants sent collection letters, dated September 4, 2009

and October 22, 2009, directly to Ms. Turmel, demanding payment of the Sears debt.

Copies of these letters are attached as Exhibits K and L, respectively.

19.     Accordingly, on November 11, 2009, Ms. Turmel's LASPD attorney had to

send Defendants Mercantile another letter to cease communications and to cease

collections.  Copies of this letter and fax confirmation are attached as Exhibit M.

20.     All of the collection actions at complained of herein occurred within one

year of the date of this Complaint.

21.     Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership,

27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Collections

22.     Plaintiffs adopt and reallege ¶¶ 1-21.

23.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

24.     Here, the letters from Plaintiffs' agent, LASPD, told Defendants to cease

communications and collections.  By continuing to communicate regarding these debts

and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

5

25.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

26.     Plaintiffs adopt and reallege ¶¶ 1-21.

27.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

28.     Defendants knew that Plaintiffs were represented by counsel in connection with their debts because the attorneys at LASPD had informed Defendants, in writing, that the Plaintiffs were represented by counsel, and had directed Defendants to cease directly communicating with Mr. Morgan and Ms. Turmel.  By directly sending Mr. Morgan and Ms. Turmel further collection letters, despite being advised that they were represented by counsel, Defendants violated § 1692c (a)(2) of the FDCPA.

29.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

### COUNT III
### Violation Of § 1692g(a)(2)
### Failure To Effectively Identify The Creditor

30.     Plaintiffs adopt and reallege ¶¶ 1-21.

31.     Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, a debt collector must provide the

consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

32.     Defendants' form collection letters leaves anyone, let alone the unsophisticated consumer, with no idea as to who was the creditor actually is – Sherman Acquisition or LVNV, each of whom is stated as having bought the debt from the original creditor and is the current owner of the debt. Accordingly, Defendants collection letters fail to advise Plaintiffs effectively of the name of current creditor, in violation of § 1692g(a)(2) of the FDCPA.

33.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692e Of The FDCPA -**
**Making False Statements**

34.     Plaintiffs adopt and reallege ¶¶ 1-21.

35.     Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

36.     Defendants' form collection letters falsely stated that both Sherman Acquisition and LVNV Funding had purchased the debt from the original creditor and were the current creditor, when, in fact, both statements cannot be true. Thus, Defendants' statements as to the identity of the current creditor were false, deceptive or misleading in violation of § 1692e of the FDCPA.

37.     Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, William Morgan and Rosina Turmel, pray that this Court:

1.      Find that Defendants', Mercantile's and LVNV's, debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiffs, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, William Morgan and Rosina Turmel, demand trial by jury.

William Morgan and Rosina Turmel,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated:  November 23, 2009

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com